**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| NETWORK APPAREL GROUP, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:15-CV-00138 |
| | § | |
| PAVLOV MEDIA, INC. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Network Apparel Group, LP ("Network Apparel") files this Original Complaint against Defendant Pavlov Media, Inc. ("Pavlov") and alleges as follows:

**I. SUMMARY OF THE CASE**

1. This is an action to recover both monetary damages and injunctive relief, as well as other appropriate relief, as a result of Defendant's infringement of Network Apparel's United States Patent No. 7,631,079.

**II. PARTIES**

2. Network Apparel is a limited partnership organized under the laws of the State of Texas and having its principal place of business at 13501 Galleria Circle, Suite W-300, Bee Cave, Texas 78738.

3. Pavlov is a corporation organized under the laws of the State of Delaware, and it may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated, 211 E. 7th St., Ste 620, Austin, Texas 78701. Pavlov does business throughout the United States, including through internet sales, promotional events, and

advertising, but advertises a principle place of business at 206 N. Randolph St., Ste. 200, Champaign, Illinois 618201.

## III. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under these statutes, including 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, this Court has personal jurisdiction over the Defendant because the Defendant has sufficient minimum contacts with the forum as a result of conducting business within the State of Texas and the Western District of Texas, Waco Division. Defendant advertises and solicits purchases through direct sales and service representatives in the Western District of Texas. Personal jurisdiction also exists specifically over the Defendant because it makes, uses, sells, offers to sell, and/or imports infringing products within the State of Texas and the Western District of Texas, Waco Division.

6. Upon information and belief, the products at issue in this case are being used at various multi-dwelling units ("MDUs") within the State of Texas and the Western District of Texas. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d) and 28 U.S.C. § 1400(b).

## IV. PATENT INFRINGEMENT

7. Plaintiff Network Apparel repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

8. Network Apparel owns all rights, title, and interest in and under United States Patent No. 7,631,079 ('079 Patent): "A system and method for messaging and obtaining message acknowledgement on a limited-area network managed by a network management device

connected to a wide-area network," which duly and legally issued on December 8, 2009. A true and correct copy of the '079 Patent is attached hereto as **Exhibit A**.

9. The '079 Patent is valid and enforceable.

10. On information and belief, all requisite maintenance fees have been paid, and Network Apparel has complied with the requirements of 35 U.S.C. § 287.

11. On information and belief, Defendant has been, and is, infringing the '079 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products and/or carrying out processes, the practice of which, falls within the scope of one or more of the claims of the '079 Patent as proscribed by 35 U.S.C. 271(a).

12. On information and belief, with knowledge of or "willful blindness" to the '079 Patent, Defendant has actively induced third parties to practice—and thus directly infringe—one or more of the claims of the '079 Patent. Defendant has therefore induced infringement of the '079 Patent under 35 U.S.C. § 271(b).

13. On information and belief, with knowledge of the '079 Patent and the infringing nature of the products and components provided by Defendant, Defendant has facilitated third parties to infringe the '079 Patent by selling or providing to third parties non-staple, material items and processes. Defendant has therefore contributorily infringed upon the '079 Patent under 35 U.S.C. § 271(c).

14. As a direct and proximate result of Defendant's acts of patent infringement, Network Apparel has been and continues to be injured, and it has sustained and will continue to sustain substantial damages in an amount not presently known.

15. Defendant's infringement has caused Network Apparel to suffer damages, and it has lost and will continue to lose profits and/or royalties as a result of Defendant's infringement.

16. Network Apparel has no adequate remedy at law against Defendant's patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '079 Patent, Network Apparel will suffer irreparable harm.

17. Network Apparel has incurred and will continue to incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Network Apparel is entitled to recover its reasonable and necessary fees and expenses.

## V. PRAYER FOR RELIEF

Network Apparel respectfully requests the Court grant judgment in its favor, and grant Network Apparel the following relief:

A. Declare the '079 Patent is valid and enforceable:

B. Declare Defendant has infringed one or more claims of the '079 Patent;

C. Declare Defendant's infringement was willful;

D. Award damages to Network Apparel to which it is entitled for patent infringement;

E. Award damages to Network Apparel to which it is entitled for its lost profits, or as a reasonable royalty as provided by law;

F. Enter a preliminary, and thereafter a permanent, injunction against Defendant's direct infringement of the '079 Patent;

G. Enter a preliminary, and thereafter a permanent, injunction against Defendant's active inducements of infringement and/or contributory infringements of the '079 Patent by others;

H. Award Network Apparel its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

I. Award Network Apparel increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court for Defendant's willful infringement of the '079 Patent pursuant to 35 U.S.C. § 284;

J. Award interest on Network Apparel's damages; and

K. Award such other relief as the Court deems just and proper.

## VI. JURY DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Network Apparel assert its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues triable to a jury.

Respectfully Submitted,

By: /s/ David G. Henry, Sr.
David G. Henry, Sr.
State Bar No. 09479355
dhenry@grayreed.com
James L. Reed, Jr.
State Bar No. 16679200
jreed@grayreed.com
Michael D. Ellis
State Bar No. 24081586
mellis@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 (Facsimile)
Russell E. Jumper
State Bar No. 24050168
rjumper@grayreed.com
1601 Elm Street; Suite 4600
Dallas, Texas 75201
(214) 954-4135
(214) 953-1332 (Facsimile)
GRAY REED & MCGRAW, P.C.

John P. Palmer
State Bar No. 15430600
palmer@namanhowell.com
P.O. Box 1470
400 Austin Ave, 8th Floor
Waco, TX 76703-1470
(254) 755-4100
(254) 754-6331 (Facsimile)
NAMAN, HOWELL, SMITH & LEE, PLLC

**ATTORNEYS FOR PLAINTIFF NETWORK APPAREL GROUP, LP.**